### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DENNIS SHREVE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 04-139-MJR |
| | ) |
| **AMERICAN COMMERCIAL BARGE** | ) |
| **LINE LLC,** | ) |
| | ) |
| Defendant. | ) |

### ORDER

**REAGAN: District Judge**

       This matter is before the Court on Plaintiff's Motion in Limine number 15, which the Court has previously reserved on. In Motion in Limine number 15, Plaintiff argues that his damages should not be offset by Social Security taxes. Plaintiff asserts that the Supreme Court has not held that payments toward retirement or Social Security pension are to be treated the same as federal and state income taxes and, therefore, deducted to establish net income. Plaintiff maintains that, since he is not contending that the value of his projected lost Social Security pension benefits constitutes an item of damages, it would be inappropriate to deduct projected Social Security taxes from his damages.

       Defendant responds that controlling precedent mandates deduction of Social Security taxes when determining Plaintiff's net income. Defendant argues that the proper measure of damages in the instant case is the employee's *net* rather than gross income, which includes the Social Security

deduction.

## Analysis

Plaintiff cites a Virginia Supreme Court case, *Norfolk and Western Ry. Co. v. Chittum*, 251 Va. 408, 468 S.E.2d 877 (Va.1996), in which the court refused to equate retirement payments with income taxes, even though retirement payments are mandated by Congress. In so finding, the Virginia court acknowledged the U.S. Supreme Court holding in *Norfolk & W. Ry. v. Liepelt*, 444 U.S. 490, 100 S.Ct. 755 (1980), in which the Court held that, "...with respect to the measure of damages, a railway company is entitled to present evidence of the effect of income taxes on the decedent's estimated future earnings." *Chittum,* 251 Va. at 416, 468 S.E.2d at 882 (citing *Liepelt,* 444 U.S. at 493-94, 100 S.Ct. at 757-58.

The *Chittum* court stated that the Supreme Court has never held that retirement payments are to be treated the same as income taxes and, therefore, deducted to establish net income. *Id*. Accord *Maylie v. National Railroad Passenger Corp*., **791 F.Supp. 477 (E.D.Pa. 1992)** and *Roselli v. Hellenic Lines, Ltd.*, **524 F.Supp. 2, 4 (S.D.N.Y. 1980) (finding that the *Liepelt* decision is explicitly limited to future income taxes and that any diminution of an award to account for Social Security taxes would have to be balanced against the amount by which plaintiff's Social Security benefits would decrease because of the premature end of his working life);** *but see Madore v. Ingram Tank Ships, Inc*. **732 F.2d 475, 479 (5th Cir. 1984) ("...the lost income stream must be computed after deducting the income taxes and social security taxes the worker would have paid had he continued to work, for he is entitled only to be made whole for what he has lost, his net income.").**

However, the Fifth Circuit decision in *Madore*, which favors deduction of social security taxes, is not on all fours with Defendant's position because the court expressly noted that a deduction for such taxes could be disregarded if there is some "articulated reason" to do so. *Madore*, **732 F.2d at 479**. In the instant matter, the "articulated reason" is that Plaintiff is not contending that the value of projected lost Social Security pension benefits constitutes an item of damages; therefore, Plaintiff maintains, it would be inappropriate to deduct Social Security taxes from Plaintiff's lost salary which, in effect, represented his contribution toward a pension without including, as an item of damages, the value of that pension. The court in *Maylie* found this reason to be dispositive of the issue. **791 F.Supp. at 487 ("It would be inappropriate to deduct from plaintiff's lost salary taxes that, in effect, represented plaintiff's contribution toward a pension without including, as an item of damages, the value of that pension.")**.

Furthermore, there is a conflict within in the Fifth Circuit, where Louisiana state courts are in conflict with that circuit and with each other on this issue of federal law. ***Compare Cappiello v. Exxon,* 695 So.2d 1097, 1105 (La. App. 4 Cir. 1997) (trial court erred as a matter of law in failing to deduct employee's contributions to social security in Jones Act action), with *Parks v. Pine Bluff Sand & Gravel Co.*, 712 So.2d 905, 918-20 (La. App. 3 Cir. 1998) (under Jones Act, employee's contributions to social security should not be deducted from his calculations of lost wages); *Jenkins v. Kerr-McGee Corp*., 613 So.2d 1097, 1103 (La. App. 3 Cir. 1993) ( "The worker is entitled to be made whole for what he has lost, *i.e*., his net income - what he would have received had he continued to work. In other words, the lost income stream must be computed after deducting income taxes and social security taxes *the worker* would have paid had he**

**continued to work." (internal citation omitted) (emphasis in original))**.

While acknowledging that there is no Seventh Circuit precedent on point and that this issue is unsettled, the Court finds Plaintiff's line of cases more persuasive. The purpose of an award for the loss of future wages is to make a person economically whole. Presumably, this entails replacing what the person could be expected to have earned as take-home pay over an expected work-life or during a period of disability.

In the opinion of the Court, the purpose and use of Social Security taxes, which aim to replace the income of beneficiaries when that income is reduced on account of retirement and disability, differ markedly from the objectives underlying the federal income tax system. Social Security program participants are viewed as earning future benefits by making required social security retirement tax contributions to the system during their working years. Thus, the payment of income tax cannot be equated with the payment of social security tax.

Since Plaintiff is losing the value of a certain number of years that he would have paid into the social security system, to offset his damages by Social Security taxes would defeat the goal of making Plaintiff economically whole. Accordingly, the Court **FINDS** that Plaintiff's damages should not be offset by Social Security taxes and **GRANTS** Plaintiff's Motion in Limine number 15.

**IT IS SO ORDERED.**

**DATED this 9th day of May, 2005.**

>  s/Michael J. Reagan
>  **MICHAEL J. REAGAN**
>  **United States District Judge**