IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DENNIS SHREVE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 04-cv-0139-MJR |
| ) | |
| **AMERICAN COMMERCIAL BARGE** ) | |
| **LINES, LLC,** ) | |
| ) | |
| **Defendant.** ) | |

### MEMORANDUM and ORDER

**REAGAN, District Judge:**

After a five-day trial in this case brought under the Jones Act, **46 U.S.C. § 688,** *et seq.*, a jury returned a net verdict in the sum of $708,208.92 in favor of Plaintiff Dennis Shreve and against Defendant American Commercial Barge Line on May 13, 2005. The Clerk entered judgment in that sum on May 16, 2005 (Doc. 66).

Dissatisfied with the jury's allocation of 19% comparative fault assessed to him, Shreve has filed a motion for judgment as a matter of law (Doc. 67), asking the Court to reverse this allocation and reinstate the jury's gross verdict of $874,332.00. At the close of all evidence, Plaintiff made an oral motion for judgment as a matter of law on the issue of contributory negligence, pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 50(a)**, contending that there was no legally sufficient evidentiary basis for a reasonable jury to find that Plaintiff was contributorily negligent. Plaintiff also objected to the submission of jury instructions on the issue of contributory negligence.

The Court notes that Plaintiff's counsel improperly mentioned certain undisclosed

information during opening statement regarding Plaintiff's employment at a Target store. In that vein, Defendant's expert had opined that Plaintiff was physically capable of working at Target. Plaintiff, after this deposition testimony, sought and obtained employment at a Target store but apparently could not meet the physical demands of this employment. Plaintiff's counsel failed to supply this employment information to defense counsel who was caught off-guard by Plaintiff's counsel alluding to it in opening statement.

Defendant moved for a mistrial, which was denied, but the Court did preclude Plaintiff from testifying to the Target employment, based upon unfair surprise and failure to update discovery, and also allowed what it thought would be a curative instruction.

The instruction given by the Court (Court's Instruction No. 7), to which both parties objected, read: "There is no evidence in this case that Plaintiff has gotten a job since the date of the injury." The instruction tendered by the Defendant (Defendant's Proposed Instruction No. 24), designed to cure the unfair surprise, to which an objection was sustained by the Court, read: "Regardless of any argument of counsel, there is no evidence in this case that Plaintiff has gotten a job since the date of the accident."

The Court is concerned that Court's Instruction No. 7 may not only have failed to cure the problem presented by the undisclosed Target employment but may have exacerbated it by directing the jury that Plaintiff sustained undisputable and uninterrupted wage loss from the date of the injury to the date of trial.

This problem, along with Plaintiff's contention that the comparative fault assessed to him was excessive leads the Court, *sua sponte*, to consider ordering a new trial on all issues. A new trial would cure any prejudice that resulted from the Target gaffe and the related jury instruction

and also render moot Plaintiff's complaint regarding the comparative fault allocation.

Thus, the parties are **ORDERED** to simultaneously file briefs on this issue (the Court's consideration of ordering a new trial).  The briefs – no longer than 20 pages – must be filed **on or before September 30, 2005** with replies, if any, **on or before October 7, 2005**.  The Court will not hold oral argument on this matter.

**IT IS SO ORDERED.**

**DATED this 20th day of September, 2005.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN
United States District Judge**